[Crim. No. 2879.   Third Dist.   July 10, 1958.]

In re CHARLES R. KENNEDY, JR. on Habeas Corpus.

Douglas C. Busath for Petitioner.

Landis, Brody & Martin for Respondent.

THE COURT.—This is a proceeding in habeas corpus involving the custody of a minor child.

■ The parties were residents of the State of Michigan and respondent herein, Ruth Kennedy, heretofore began an action in the Circuit Court for the County of Oakland in that state to obtain a divorce from petitioner herein, Charles R. Kennedy, Jr. She also in that action sought the custody of their minor son, Rex Charles Kennedy, presently aged 11 years. It appears that a decree was rendered in that action after the entry of petitioner's default therein and that petitioner filed within due time a claim of appeal in the Supreme Court of that state, which appeal is pending. Prior to the rendition of the decree in the circuit court and after the commencement of the action therein, petitioner herein brought the child into California. After the rendition of the decree Ruth came to California seeking to obtain the custody of her son. Upon Charles' petition this court issued a writ of habeas corpus and the child was produced responsive to that writ. The matter of custody was heard by this court on the petition and the traverse thereto. The record of the Michigan action was introduced without objection, save that the parties advanced conflicting contentions as to its effect here. In addition to that record, however, the parties freely and fully tried out the merits of the issues as to custody and the matter was submitted to this court for its decision.

We find it unnecessary to treat the conflicting contentions of the parties as to the force and effect of the Michigan proceedings in view of the full trial upon the merits afforded the parties herein.

The evidence showed the following: The fitness of Ruth to have custody of the child is without dispute in the testimony. On the other hand, the unfitness of petitioner to have such custody is sufficiently proved. He has a long record of illegal

activities and defiance of law and its administration. He has been several times convicted of felonies, the record of his derelictions going back as far as 1920, and intermittently extending through the years up to 1943, which year marked his release from the penitentiary in Illinois. It is a fair inference that, notwithstanding his residence in the county of Oakland, State of Michigan, for a number of years he was unwilling to submit to the disposition of the circuit court for that county the issue of his right to the custody of his son. With knowledge of the pendency of the action involving that issue, he took his son out of the jurisdiction of the court and out of the State of Michigan and brought him into California under circumstances indicating an intent that his conduct should not be interrupted, for he traveled a devious route until he arrived in Grass Valley, Nevada County, and he did not disclose to Ruth the whereabouts of himself or of the child. It is unnecessary to make further detailed recitation of the matters shown to this court upon the hearing herein. It is sufficient to say that the record amply supports a holding that the best interests and welfare of this child demand that he be placed in the custody of his mother, notwithstanding the child's expression in open court of his preference to remain with his father.

In view of the premises this court decrees that Ruth Kennedy is entitled to the sole custody of said minor, which is hereby awarded to her. Since she resides in the county of Oakland, State of Michigan, where she has and maintains for herself and said minor a suitable home, it is ordered further that said Rex Charles Kennedy be by his present custodian, the probation officer of Nevada County, delivered into the custody of Ruth Kennedy, respondent herein, and that she be permitted forthwith to remove said child from this state. The writ heretofore issued is discharged.